[Docket Ent. 86]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND, : : : | |
| Plaintiff, : : | Civil Action No. 09-0625 (RMB/KMW) |
| v. : : | **MEMORANDUM ORDER** |
| LUTHERAN HOME AT MOORESTOWN, INC., et al., : : : | |
| Defendants. : | |

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon a motion by third-party defendant Fuller & O'Brien Insurance, Inc. ("F&O"), styled as a Rule 12(b)(6) motion to dismiss the Third-Party Complaint of third-party plaintiff Lutheran Home at Moorestown, Inc. ("LHM"). Because F&O improperly filed this motion after filing an Answer to the Third-Party Complaint, the Court construes it as a Rule 12(c) motion for judgment on the pleadings. Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). Rule 12(c) provides, "After the pleadings are closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c) (emphasis added). Here, LHM has argued that the Court may not entertain the motion because the pleadings are not yet closed;

1

specifically, other parties to this litigation have not yet filed answers to LHM's Second Amended Crossclaim, and a motion to dismiss by third-party defendant William J. Hessert is now pending, which, LHM maintains, may affect LHM's Third-Party Complaint against F&O.

LHM's argument raises the interesting question: For purposes of Rule 12(c), when are the pleadings deemed closed?  To determine what pleadings must have been filed before a Rule 12(c) motion is ripe, courts look to Rule 7(a).  <u>Flora v. Home Federal Sav. and Loan Ass'n</u>, 685 F.2d 209, 211 n.4 (7th Cir. 1982). However, Rule 7(a) is not instructive in guiding the Court's determination of whether a Rule 12(c) motion is premature when filed before answers to <u>other</u> crossclaims and third-party complaints in the same case.  In resolving this question, the Court has encountered what appears to be an ambiguity in the law. Some authorities suggest that the pleadings are not closed until all complaints, crossclaims, counterclaims, and third-party complaints have been answered.  See <u>Progressive Cas. Ins. Co. v. Estate of Crone</u>, 894 F. Supp. 383, 385 (D. Kan. 1995); <u>Stands Over Bull v. BIA</u>, 442 F. Supp. 360, 367 (D. Mt. 1977).  Other authorities suggest the opposite conclusion.  See <u>Starmakers Pub. Corp. v. Acme Fast Freight, Inc.</u>, 615 F. Supp. 787, 790 (S.D.N.Y. 1985); <u>Moran v. Peralta Community College Dist.</u>, 825 F. Supp. 891, 894 (N.D. Cal. 1993).

In light of this split of authority, the most prudent course is to deny the motion without prejudice, allowing F&O to refile once the pleading stage of this litigation is entirely concluded.

For these reasons,

**IT IS** on this, the **24th** day of **February 2010**, hereby

**ORDERED** that the motion to dismiss shall be **DENIED WITHOUT PREJUDICE**.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE